# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BRIAN THOMA,

        Petitioner,      :      Case No. 1:20-cv-282

  - vs -                       District Judge Timothy S. Black
                              Magistrate Judge Michael R. Merz

WARDEN,
  Pickaway Correctional Institution,

                          :
        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO VACATE JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion to Amend which seeks in part to alter the Court's judgment as to the merits, but also to vacate the Court's judgment as to several procedural matters (ECF No. 23).  This Report deals only with the motion to vacate portion of the Motion; Respondent has an opportunity to respond to the motion to amend portion until January 6, 2021.

As a post-conviction matter, the motion to vacate requires a report and recommendations from an assigned Magistrate Judge, rather than a decision.

Petitioner moves "for relief from judgment, in specific the portions of order indicating that he did not object to the Magistrate's report and denying a certificate of appealability."  (ECF No. 23, PageID 1022).

District Judge Black's Order Adopting Report and Recommendations recites "noting that

1

no objections have been filed thereto and that the time for filing such objections under Fed. R. Civ. P. 72(b) has expired. . ." (ECF No. 21, PageID 1020). If that finding were incorrect, Rule 60 would authorize the Court to amend it. But the finding is manifestly accurate: no objections have ever been filed to the Report.

Counsel claims her failure to file objections was the result of excusable neglect, remediable under Fed.R.Civ.P. 60(b)(1):

> The undersigned was surprised to receive the Court's decision on November 18th, because she did not recall receiving the Magistrate Judge's filing on October 28th. The undersigned immediately reviewed her email to assess how she missed the filing and discovered that the Court's ECF notification was only received in her backup personal email account (gatorjenni@gmail.com), which she checks rarely and does not monitor. [Footnote: As of the filing of this motion, that email address contains 209,198 emails, the vast majority of which are unread and most of which are spam, advertisements from retailers, or junk.] For reasons unknown to the undersigned, the ECF notification did not reach her work email address, kinsleylawoffice@gmail.com.

(ECF No. 23, PageID 1031).

Whether these facts constitute excusable neglect depends on the broader context of electronic filing in this case. Attorneys registering for electronic filing must provide the Court with email addresses to which Notices of Electronic Filing (NEF's) are to be sent. Attorney Kinsley provided the Court with two such emails addresses: gatorjenni@gmail.com and kinsleylawoffice@gmail.com. The Court's CM/ECF system, faithful to the algorithm the Court has given it, has sent all the NEF's in this case to **both** email addresses provided by Attorney Kinsley. See, e.g. the NEF for Judge Black's adoption Order which reads:

> **1:20-cv-00282-TSB-MRM Notice has been electronically mailed to:**
>
> Jennifer M Kinsley    kinsleylawoffice@gmail.com, gatorjenni@gmail.com

2

   Daniel J. Benoit Daniel.Benoit@ohioattorneygeneral.gov,
   brenda.carter@ohioattorneygeneral.gov,
   brian.higgins@ohioattorneygeneral.gov,
   habeas.docketclerk@ohioattorneygeneral.gov,
   jenna.ansel@ohioattorneygeneral.gov

The NEF for the Report and Recommendations, which Attorney Kinsley claims[1] she received only in her personal email account, is identical:

> **1:20-cv-00282-TSB-MRM Notice has been electronically mailed to:**
>
> Jennifer M Kinsley kinsleylawoffice@gmail.com, gatorjenni@gmail.com
>
> Daniel J. Benoit Daniel.Benoit@ohioattorneygeneral.gov, brenda.carter@ohioattorneygeneral.gov, brian.higgins@ohioattorneygeneral.gov, habeas.docketclerk@ohioattorneygeneral.gov, jenna.ansel@ohioattorneygeneral.gov

NEF's in this form are not an innovation at this stage of the case. The NEF for the Petition itself (ECF No. 1) reads:

> **1:20-cv-00282-TSB-KLL Notice has been electronically mailed to:**
>
> Jennifer M Kinsley kinsleylawoffice@gmail.com, gatorjenni@gmail.com[2]

Before electronic filing, the Court would have sent copies of court-generated filings to whatever postal address counsel had provided, but not to two such addresses. Electronic filing enables the Court to send notice at no cost to more than one email address, again as requested by

---

[1] There is good reason to be skeptical of the claim. When the CM/ECF system sends an email to an address and it is not received, the Court receives a "bounce" notice. None was received for the NEF on the Report and Recommendations.

[2] Before the Order for Answer, there were no other attorneys with appearances in the case to be notified of filings.

counsel, to email addresses provided by counsel.  Prior to electronic filing, it would not have constituted excusable neglect for an attorney to tell the Court "I just didn't open my mail."  The Magistrate Judge of course understands the phenomenon of junk email and experiences it himself.  But if an attorney has an email account that has accumulated 209,198 messages, why give that email address to the Court as one of two places to send time-sensitive notices of filing?

Furthermore, counsel's assertion that the NEF for the Report was not received in her professional email account is belied by the Court's CM/ECF records which show that NEF was received in both accounts:



4



Accordingly, it is respectfully recommended that that portion of the pending Motion seeking to vacate the Court's finding that no objections were filed should be denied.

**Certificate of Appealability**

Based on the same proffered excuse, Counsel seeks to vacate that portion of the judgment which denied a certificate of appealability. The Report recommended that a certificate of appealability be denied (ECF No. 20 PageID 1018). Rule 11 of the Rules Governing § 2254 requires district courts to address this issue when entering judgment which is why recommendations on that issue are regularly included in habeas corpus reports and recommendations by the undersigned.

The Sixth Circuit has made it clear that certificates of appealability are not to be routinely issued.

> In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect. Crucially, in applying this standard, a court must consider not only the merits of the underlying constitutional claim but also any procedural barriers to relief. *Buck v. Davis,* 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017); *Slack [v. McDaniel]*, 529 U.S. at 484-85; see also *Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017). To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable.
>
>  [T]he standards for a certificate are no mere technicality. Quite the contrary. By authorizing extra appeals, improper certificates add to the "profound societal costs" of habeas litigation while sapping limited public resources. *Calderon v. Thompson,* 523 U.S. 538, 554, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998) (quoting *Smith v. Murray*, 477 U.S. 527, 539, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)). For one, they divert our time and attention from the cases Congress actually meant us to hear, often leading us to appoint counsel and schedule argument in cases that we later find to be insubstantial. For another, they require state and federal government attorneys to devote their time and attention to defending appeals that should never have existed. Plus, they may even harm those habeas petitioners whose claims really do merit an appeal because it could "prejudice the occasional meritorious [claim] to be buried in a flood of worthless ones." *Brown v. Allen*, 344 U.S. 443, 537, 73 S. Ct. 397, 97 L. Ed. 469 (1953) (Jackson, J., concurring). In short, it's critical that courts follow the rules Congress set.

*Moody v. United States,* 958 F.3d 485 (6th Cir. 2020).

Petitioner has offered no separate argument as to why reasonable jurists would disagree with this Court's disposition of the issues raised in the Petition and has thus not shown that denial of a certificate of appealability was error.  The Court should therefore also decline to amend that portion of Order that concludes no certificate should be issued.  That issue can be reconsidered in the context of Petitioner's Motion to Amend the Judgment.

December 17, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

6

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.