# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BRIAN THOMA,

        Petitioner,      :      Case No. 1:20-cv-282

  - vs -                              District Judge Timothy S. Black
                                       Magistrate Judge Michael R. Merz

WARDEN,
  Pickaway Correctional Institution,

                                          :
        Respondent.

## SUBSTITUTED REPORT AND RECOMMENDATIONS ON MOTION TO VACATE JUDGMENT; REPORT AND RECOMMENDATIONS ON MOTION TO AMEND THE JUDGMENT

       This is a habeas corpus case, brought by Petitioner Brian Thoma with the assistance of Attorney Jennifer Kinsley. Thomas seeks relief from his conviction in the Hamilton County Court of Common Pleas on eight counts of sexual battery and seven counts of gross sexual imposition[1] with the victim being his fifteen-year-old adopted daughter. He was sentenced to 336 months of imprisonment.

**Recent Chronology of the Case in this Court**

       On October 28, 2020, the Magistrate Judge filed a Report and Recommendations recommending dismissal with prejudice and denial of a certificate of appealability ("Merits R&R,"

---

[1] The GSI counts were merged with the sexual battery counts under Ohio Revised Code § 2941.25.

1

ECF No. 20). On November 18, 2020, noting that no objections had been filed, District Judge Black adopted the Merits R&R and dismissed the case (ECF No. 21 & 22).

Twenty-eight days later on December 16, 2020, Petitioner filed the instant Motion captioned "Petitioner's . . . Motion to Alter or Amend and for Relief from Judgment" which has two branches. In the first branch he seeks to alter or amend the judgment under Fed.R.Civ.P. 59(e)[2](ECF No. 23, PageID 1023-30). The Magistrate Judge separated this portion of the Motion for briefing purposes, allowing Respondent the twenty-one days to oppose the 59(e) branch which is provided by S. D. Ohio Civ. R. 7.2. Respondent filed a timely Response in Opposition on January 6, 2021 (ECF No. 26). Under the same Rule, Petitioner had until January 20, 2021, to file a reply memorandum in support, but has not done so. The Rule 59(e) branch of the Motion is therefore ripe for decision and is analyzed below.

In the second branch of the Motion, made pursuant to Fed.R.Civ.P. 60(b), Petitioner sought to vacate those portions of Judge Black's Order Adopting Report and Recommendations which (1) concluded Petitioner had not objected to the Merits R&R and (2) denied a certificate of appealability (Motion, ECF No. 23, PageID 1030-32).

Because the 60(b) branch claimed that the Court had only sent the Merits R&R to one of Attorney Kinsley's email addresses on file and that she had not seen it there until after judgment, the Magistrate Judge investigated the service of the Merits R&R at once. Had that investigation shown Attorney Kinsley's claim was accurate, the Magistrate Judge would have recommended reopening the whole judgment and allowing a new period for objections.

However, the investigation showed that the Merits R&R had been sent to and at **both** email addresses Attorney Kinsley has on file (See 60(b) R&R, ECF No. 24, PageID 1034-37). The

---

[2] Fed.R.Civ.P. 59(e) sets an inflexible twenty-eight day deadline for motions to alter or amend. Thus the Motion was timely filed. The time limits for a motion under Fed.R.Civ.P. 60(b) are far more generous.

research also revealed that the CM/ECF system has done the same thing with all other filings in the case, i.e., sending them to both email addresses furnished by Attorney Kinsley.

As to the Certificate of Appealability portion of the Motion, the 60(b) R&R repeated the standard for granting a certificate and that the 60(b) portion of the Motion made no argument as to why there was error in denying a certificate (ECF No. 24, PageID 1037-38).

The 60(b) R&R was filed December 17, 2020. Attorney Kinsley objected the same day (ECF No. 25). Respondent has not replied to those Objections and the time for doing so expired December 31, 2020. Thus the Objections are ripe for consideration.

## Analysis

**The Rule 60(b) Motion to Vacate**

As noted above, Petitioner seeks to vacate those portions to the Court's Order adopting the Merits R&R which found he had not filed objections and which denied a certificate of appealability (Motion, ECF No. 23, PageID 1030-32). The 60(b) R&R recommended denying this branch of the Motion because Attorney Kinsley's claim of incorrect service of the Merits R&R proved to be inaccurate (ECF No. 24, PageID 1034-37).

Petitioner objects that the asserted fact of receipt of notice of the Merits R&R in her email account at kinsleylawoffice@gmail.com is disproven by a "screen capture from the undersigned's iphone" which is reproduced at ECF No. 25, PageID 1041. On its face, the screen capture purports to show three Notices of Electronic Filing from this Court received by Attorney Kinsley on October 28, 2020, two in the Execution Protocol Case (Case No. 2:11-cv-1016) and one in this case; it also shows

3

one in the Protocol Case apparently on October 29, 2020. The screen capture also shows it is displaying contents of all Attorney Kinsley's mailboxes.³

The docket in the Protocol Case shows that there were **two** filings in that case on October 28, 2020: an Order Vacating and Setting Deadlines (ECF No. 3365) and an Unopposed Motion for Extension of Time (ECF No. 3366). In that case Attorney Kinsley has given the Clerk only one email address: kinsleylawoffice@gmail.com. Thus her screen capture shows what one would expect with one email address: receipt of one notice for each of the two filings in the Protocol Case at this one email address.

The screen capture also shows the receipt of the relevant Notice of Electronic Filing (NEF) in this case. It does not, however, show us in what email account Attorney Kinsley received that NEF. She claims it was only sent to her gmail account. How then does she explain the NEF's from the Protocol Case which only has her office account address? Attorney Kinsley claims she only checks her gmail account sporadically and it has over 200,000 emails in it. Because Google sets a 15 mb limit on its free gmail accounts, it may be that she had exceeded the limit on one of her gmail accounts. In any event, the screen capture does not refute the finding in the 60(b) R&R that the CM/ECF system sent this NEF to both of Attorney Kinsley's accounts and it was received in both.

Attorney Kinsley claims that she received two **identical** emails in the Protocol Case on October 28, 2020. Although she has not reproduced those emails to prove the identity of their content, the CM/ECF system rebuts it. The email sent as a result of Judge Sargus's Order (ECF No. 3365) reads ORDER VACATING AND SETTING FILING DEADLINES. Signed by Judge

---

³ This is an iPhone feature which the Magistrate Judge also employs; the display shows mail received in the Magistrate Judge's government mail box (Michael_merz@ohsd.uscourts.gov) as well as a private gmail address.

Edmund A. Sargus on 10/23/2020. (cmw). It was sent at 2:07 p.m. The email sent as a result of the Unopposed Motion (ECF No. 3366) reads Unopposed MOTION for Extension of Time to File New date requested 1/18/2021. *Plaintiffs Andre Jackson, Timothy Hoffner, and James ONeal's Second Joint, Unopposed Motion to Extend the Time to Respond to the Warden's Objections* by Plaintiffs Timothy Hoffner, Andre Jackson, James O'Neal. (Bohnert, Allen). It was sent at 8:47 p.m.

In sum, Petitioner has not shown his purported failure to receive notice of the Merits R&R is the fault of the Clerk or the CM/ECF system.

Conceding that the notice of the Merits R&R was sent to at least one of the email addresses she has on file and that she inadvertently did not respond, she avers that the is "extraordinarily sorry" and argues this failure is excusable neglect under Fed.R.Civ.P. 60(b)(1)(ECF No. 25, PageID 1042.)

Fed. R. Civ. P. 60(b) (1) provides "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect." In order to be eligible for relief under 60(b)(1) the movant must demonstrate the following: (1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he has a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir. 1980), citing *Ben Sager Chemicals International, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 808 (7th Cir. 1977); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *Central Operating Company v. Utility Workers of America*, 491 F.2d 245 (4th Cir. 1973). Determinations made pursuant to Fed. R. Civ. P. 60(b) are within the sound discretion of the court and will not be disturbed on appeal unless the court has abused its discretion. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012); *H. K. Porter Co.,*

5

*Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976); *Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957). A determination of 'excusable neglect' does not turn solely on whether the client has done all that he reasonably could do to ensure compliance with a deadline; the performance of the client's attorney must also be taken into account. *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999) (citing *Pioneer v. Inv. Servs. Co.* v. *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993).

Based on the authority cited in the Objections holding that attorney inadvertence to a filing deadline can constitute excusable neglect, the failure of Respondent to oppose such a finding, the lack of any prejudice to Respondent from such a finding, the current COVID 19 pandemic and its impact on daily and professional life, and with the understanding that neither the Clerk nor the CM/ECF system is responsible in any way, the Magistrate Judge now recommends that the Motion to Vacate be GRANTED to the extent that the arguments made in Petitioner's Rule 59(e) Motion be considered by the Court *de novo* (i.e. as if made in objections) rather than under the stricter Rule 59(e) standard. The prior Report and Recommendations on the 60(b) portion of the Motion (ECF No. 24) is WITHDRAWN.

**The Rule 59(e) Motion to Alter or Amend**

The "Alter or Amend" portion of the pending Motion contends that the Merits R&R, which the Court adopted, "contains numerous key errors that undermine its reliability" (Motion, ECF No. 23, PageID 1023). Those asserted errors are here considered in turn and under the *de novo* standard of Fed.R.Civ.P. 72(b).

**Ineffective Assistance of Trial Counsel: Failure to Present Witnesses**

In his First Ground for Relief, Petitioner argued his trial attorney provided ineffective assistance of trial counsel when he did not present certain exculpatory witnesses. As the Merits R&R notes, the testimony these witnesses supposedly would have given was first presented to the Ohio courts in affidavits attached to Thoma's petition for post-conviction relief (ECF No. 20, PageID 993-94). These "friends and family" affidavits were prepared two years after trial. Purportedly these witnesses would have "undermined the narrative" told by the victim, H.T., and her mother Wendy.

Employing the governing standard from *Strickland v. Washington,* 466 U.S. 668 (1984), the Ohio Twelfth District Court of Appeals rejected this claim on both prongs. *State v. B.J.T.*, 2019-Ohio-1049, ¶¶ 13-17. The Merits R&R concluded the Twelfth District's decision was entitled to deference under 28 U.S.C. § 2254(d)(1) because it was not an objectively unreasonable application of *Strickland* (ECF No. 20, PageID 995-97).

The 59(e) Motion argues the Magistrate Judge erred in deferring to the Twelfth District. However, it confirms that the key issue at trial was the victim's credibility in testifying that Thoma digitally penetrated her. The friends and family affidavits presented in post-conviction do not assert H.T. ever made a prior inconsistent statement or that they were present at the time of the offenses and observed nothing untoward. They are merely about how well H.T. and Petitioner got along at various points in time. As the Twelfth District pointed out, that was not the issue, but rather multiple instances of digital penetration.

The Supreme Court has repeatedly emphasized our duty to defer to reasonable state court decisions applying *Strickland*.

> "A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fair-minded jurists could disagree" on the correctness of the state court decision," *Harrington v. Richter,* 562 U.S. 86, 101 (2011)(quoting *Yarborough v. Alvarado*,

> 541 U.S. 652, 664 (2004). The state court decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall,* 572 U.S. [415], ___ (2014), slip op. at 4.
>
> When the claim at issue is one for ineffective assistance of counsel, moreover, AEDPA review is "doubly deferential," *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Burt v. Titlow*, 571 U.S. [12], [20] (2013), slip op. at 9)(quoting *Strickland v, Washington*, 466 U.S. 668, 690 (1984); internal quotation marks omitted). In such circumstances, federal courts are to afford "both the state court and the defense attorney the benefit of the doubt." at ___ (slip op. at 1).

*Woods v. Etherton*, 578 U.S. ___, 136 S. Ct. 1149 (2016)(per curiam; unanimous), reversing *Etherton v. Rivard*, 800 F.3d 737 (6th Cir. 2015). Petitioner has simply not demonstrated that the Twelfth District's application of *Strickland* was unreasonable.

**Ineffective Assistance of Trial Counsel in Plea Negotiations**

In his Second Ground for Relief, Thoma asserts his trial attorney provided ineffective assistance in plea negotiations, particularly in failing to obtain a polygraph examination despite Thoma's request for one.

On appeal from denial of post-conviction relief, the Twelfth District considered this claim and rejected it, writing:

> [*P19] Finally, appellant's counsel was not ineffective for failing to request a polygraph examination, as such a decision was a matter of reasonable trial strategy. Concerns regarding a polygraph examination may very well have been more pronounced in this case, as appellant had already made several incriminating admissions. As we addressed in appellant's direct appeal, the evidence to support appellant's convictions was overwhelming. In text messages exchanged with the victim, appellant begged the victim not to tell

8

>anyone. Appellant promised "[a]bsolutely never will I be so f****** stupid again" and pleaded with the victim to "trust me when I tell you that this will never happen again." Appellant also admitted he made a "mistake" and touched the victim "in places she shouldn't be touched." Appellant admitted that he touched the victim's breasts and her vaginal area "skin to skin" with his hands. He stated he had touched the victim "maybe once a week for the last couple months," with the last time being "last night." He told detectives that the incidents occurred in the victim's bedroom in the middle of the night and that he used the light on his cellphone to see. Appellant made additional admissions in jailhouse phone calls where he admitted to family members that he "touched [the victim] inappropriately" and that "she's not making anything up. It's not her fault."
>
>[*P20] Moreover, appellant can present no evidence that the state would have agreed to reduced charges had he taken a polygraph examination. As a result, we find the trial court did not err by denying appellant's petition for postconviction relief, as he fails to set forth sufficient operative facts to establish substantive grounds for relief. Appellant's first and second assignments of error are overruled.

*State v. B.J.T.,* 2019-Ohio-4019 (12th Dist. Mar. 25, 2019). Citing its own precedent (*Id.* at ¶ 15), the Twelfth District applied the *Strickland* standard and found Thomas had shown neither deficient performance nor prejudice. The Merits R&R recommended deference to the Twelfth District under 28 U.S.C. § 2254(d)(1)(ECF No. 20, PageID 1001).

Petitioner objects that the state courts' treatment of the claim was "cursory" (Motion, ECF No. 23, PageID 1028) and the Twelfth District did not recite authority for the proposition that the Sixth Amendment effective assistance guarantee applies. The Magistrate Judge disagrees.

First of all, the court of appeals recited evidence from the record of Thoma's admissions. The record reflects that Thoma's trial attorney advised strongly against a polygraph and it is easy to see why that was good advice. Assuming Thoma did not lie when he made his admissions to the police, an accurate polygraph examination would have made the case against him even more overwhelming. One of the most important functions a defense counsel, indeed of any attorney, is to tell a client when it is a bad idea to pursue a particular course of action. Declining to arrange a polygraph examination,

9

given the facts recited by the Twelfth District, was well within the parameters of competence professional performance in this case.

Second, state courts are not required to write at length in order to be entitled to deference. Indeed, it is state court decisions federal courts defer to, not opinions. Nothing the Twelfth District wrote on this claim is in any way inconsistent with understanding that the Sixth Amendment applies to plea negotiations.

Petitioner's objections to the Merits R&R's conclusions on the Second Ground for Relief should therefore be overruled.

**Ground Three: Eighth Amendment Violation by Imposing Disproportionate Sentence**

In his Third Ground for Relief, Thoma asserts his sentence violates the Eighth Amendment because it is disproportionate to the sentences imposed on other persons for similar offenses. The Merits R&R concluded this claim was procedurally defaulted because Thomas had never fairly presented it as a federal constitutional claim to the Ohio courts (ECF No. 20 PageID 1002-05). Alternatively, the Magistrate Judge concluded the claim was without merit under the Eighth Amendment. *Id.* at PageID 1005-08.

Petitioner objects "The Magistrate Judge's report improperly determined that Thoma failed to exhaust his Eighth Amendment proportionality argument in state court" (Motion, ECF No. 23, PageID 1028). With respect, the Merits R&R includes no such determination. A decision that a claim has not been exhausted implies that there is still an available state court remedy that a habeas petitioner must exhaust before coming to federal court. Instead, the Merits R&R found Thoma had procedurally defaulted on this claim by not fairly presenting it to the state courts.

Because Thoma is represented by counsel, the Magistrate Judge did not spell out the

general standard for procedural default, but it has been described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims

11

that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

The Sixth Circuit has described two ways in which a procedural default can occur:

> "A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*.
>
> Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

*Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013). Thoma's procedural default is of the second variety: he never presented his disproportionate sentence as a federal constitutional claim and cannot now do so because no further state remedies are available to him.

Petitioner concedes he "did not expressly argue the Eighth Amendment or federal case law in parts of his state court appeals," but argues he did consistently argue at each and every level that his sentence was disproportionate to those imposed against other similar offenders in similar cases." (Motion, ECF No. 23, PageID 1028-29). That is true, but the Merits R&R also points out that Thoma never mentioned the Eighth Amendment nor did he cite any federal cases in the state courts. He does not contradict that finding by pointing to any place in the state courts where he did cite any federal authority. Instead he cites *Graham v. Florida*, 560 U.S. 48, 59 (2010), and *Weems v. United States*, 217 U.S. 349, 37 (1910), for the general proposition that imposing a sentence that is proportionate to the crime is a central tenet of Eight Amendment jurisprudence. But he never cited those or any other federal cases to the state courts.

The Magistrate Judge provided an alternative merits analysis of this claim (Merits R&R, ECF No. 20, PageID 1005-08). There it was noted that a habeas court cannot grant relief except when a state court decision is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent. Instead of holdings that a twenty-eight year sentence for repeated digital penetration of an adopted daughter, Petitioner cites very general dicta from cases such as *Graham* and *Weems*. To prevail, a habeas petitioner must show a state court error "violated clearly established United States Supreme Court decisions. And even then, he still must show that the mistake violated concrete Supreme Court holdings," *Id.* citing *Marshall v. Rodgers*, 569 U.S. 58, 61 (2013), not generalized principles, citing *Woods v. Donald,* 575 U.S. 312, 318 (2015)**.** "Identifying clearly established federal law is . . . the 'threshold question under AEDPA." *Dewald v. Wrigglesworth*, 748 F.3d 295, 299 (6th Cir. 2014)(quoting *Williams v. Taylor*, 529 U.S. 362, 390 (2000). In determining what constitutes clearly established federal law, "we must consult 'the holdings, as opposed to the dicta, of [the Supreme] Courts' decisions as of the time of the relevant state-court decision.'" *Id.* , quoting *Carey v. Musladin*, 549 U.S. 70, 74 (2006). *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir.2005).

As the Merits R&R points out, the last time the Supreme Court struck down a non-capital sentence as disproportionate was in *Solem v. Helm*, 463 U.S. 277 (1983) (life without parole is disproportionate for recidivism when the underlying crimes are non-violent). The year before in *Hutto v. Davis*, 454 U.S. 370 (1982), it held forty years was not an unconstitutional punishment for distribution of nine ounces of marijuana. The Merits R&R concluded "If forty years for distribution of a relatively harmless substance like marijuana is not too much, surely twenty-eight years for incestuous child abuse cannot be too much." (ECF No. 20, PageID 1008).

Petitioner objects that proportionality must be measured against sentences meted out for similar crimes by other courts of the same State (Motion, ECF No. 23, PageID 1029-30). But again he cites

13

no Supreme Court holding to that effect.

**Ground Four: Convictions Supported by Insufficient Evidence and Against the Manifest Weight of the Evidence**

In his Fourth Ground for Relief, Thomas asserts his convictions are against the manifest weight of the evidence and supported by insufficient evidence. The Merits R&R noted that manifest weight claims are not cognizable in habeas (ECF No. 20, PageID 1008, citing *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986)). It concluded the Twelfth District's decision on the sufficiency of the evidence was entitled to deference under 28 U.S.C. § 2254(d) and recommended the Fourth Ground be dismissed. Thomas raises no objection to this conclusion.

Thoma does object to denial of a certificate of appealability, but offers no authority to show that reasonable jurists would disagree with the Merits R&R (Motion, ECF No. 23, PageID 1030-32).

**Conclusion**

Considering Petitioner's Motion to Amend as if it were timely objections to the Merits R&R (in other words finding counsels' failure to file objections in a timely manner was the result of excusable neglect), the Magistrate Judge concludes the objections are without merit and the Motion to Amend should therefore be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 25, 2021.

s/ <i>Michael R. Merz</i><br>
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

## NOTICE REGARDING RECORD CITATIONS

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule. However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely. For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)." The correct citation would have been Doc. No. 80, PageID 987." Because Defendant added the "#" symbol, the program failed to inset a hyperlink. Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified. **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**