UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BRIAN THOMA, | : | Case No. 1:20-cv-282 |
| Petitioner, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Michael R. Merz |
| WARDEN, PICKAWAY CORRECTIONAL INSTITUTION, | : : | |
| Respondent. | : | |

**DECISION AND ENTRY ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS (Doc. 27) AND DISMISSING THIS CASE**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Michael R. Merz. On January 25, 2021, the Magistrate Judge issued a Report and Recommendations (the "Supplemental Report"). (Doc. 27). Petitioner filed objections to the Supplemental Report. (Doc. 28). Respondent responded to those objections. (Doc. 29).

**I.     Background**

This is a habeas corpus case, brought by Petitioner Brian Thoma with the assistance of counsel, Jennifer Kinsley. Thoma seeks relief from his conviction in the Hamilton County Court of Common Pleas on eight counts of sexual battery and seven counts of gross sexual imposition with the victim being his fifteen-year-old adopted daughter. He was sentenced to 336 months, or 28 years, of imprisonment.

On November 18, 2020, the undersigned adopted the Magistrate Judge's well-reasoned and thorough Report and Recommendations (Doc. 20) discussing the merits of Petitioner's grounds for relief and dismissing with prejudice the Petition (the "Merit Report"). (Doc. 24). The Court adopted the Merit Report after the time for filing objections had lapsed and no objections were filed. (*Id.*)

One month later, Petitioner's counsel filed a "motion to alter or amend and for relief from judgment." (Doc. 23). The motion made two requests: (1) relief from judgment to the extent the Court adopted the Merit Report because he had not filed objections; and (2) that the Court alter or amend its prior Order adopting the Merit Report because the Merit Report contained "key errors." (*Id.*).

In support of the request for relief from judgment, Petitioner claimed excusable neglect on the part of counsel. (*Id.*) Counsel's claim of excusable neglect was that the Court's ECF notification related to the Merit Report was only received by her personal, backup email address and not her work email address. (*Id*. at 9–11). The Magistrate Judge, on two occasions, debunked counsel's claim that the ECF notification for the Merit Report was not sent to her work email address. (*See* Doc. 24; Doc. 27 at 3-6).

However, in the Supplemental Report, the Report at issue in this Order, the Magistrate Judge recommends that: (1) the Court treat Petitioner's arguments in support of altering or amending as objections to the Merit Report; and (2) grant Petitioner's request for relief from judgment to the limited extent that he has not presented objections.

(*Id*. at 6).¹  The Magistrate Judge then analyzed Petitioner's objections to the Merit Report. (*Id*. at 6–15).

The undersigned agrees with the Magistrate Judge's recommendation on the motion for relief from judgment and treating Petitioner's motion to alter or amend as objections to the Merit Report. Thus, in effect, the Supplemental Report is a supplement to the Merit Report. (*Id*. at 6–15).²  And, this Court is tasked to review, *de novo*, those portions of the Magistrate Judge's Merit and Supplemental Reports that have been properly objected to, whether the Magistrate Judge erred on any of those portions, and whether Petitioner is entitled to relief in this habeas petition.

## II. Review of Petitioner's Objections to Supplemental Report

Petitioner asserts six objections to the Supplemental Report. (Doc. 28). As discussed *infra*, none are well-taken.

### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b), the District Court may refer dispositive motions to a United States Magistrate Judge. Upon such reference, the Magistrate Judge must

---

¹ Treating Petitioner's motion to alter or amend as objections to the Merit Report allows Petitioner's arguments to be reviewed under a more forgiving standard. Specific objections to a magistrate judge's report are reviewed *de novo*. Fed. R. Civ. P. 72(b). A motion to alter or amend under Rule 59(e) is an extraordinary remedy reserved for exceptional cases, and should only be granted if "'there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Hines v. Comm'r of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (quoting *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Petitioner did not object to the how the Magistrate Judge procedurally construed his motion.

² Magistrate judges often provide supplemental reports after objections are filed, analyzing those objections before the district judge's review.

3

promptly submit a Report and Recommendation, providing a recommended disposition of the motion, as well as proposed findings of fact. *Id.*; Fed. R. Civ. P. 72(b). Within 14 days of service of a Magistrate Judge's Report, the parties may serve and file specific written objections to the Report for the District Judge's consideration. *Id*.

If objections are filed, the District Judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to…[and] may accept, reject, or modify the recommended disposition…." Fed. R. Civ. P. 72(b)(3). Thus, the district judge is not required to review *de novo* every issue raised in the original motion, but only those matters from the Report and Recommendation that received proper objections. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

"[W]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted). The Supreme Court has stated: "It does not appear that Congress intended to require district court review of magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### A. Ground 1

In his first ground for relief, Petitioner contends that his trial counsel provided ineffective assistance in violation of the Sixth Amendment by failing to present exculpatory testimony from certain witnesses at trial. Petitioner presented affidavits from these would-have-been witnesses to the Ohio courts in his petition for post-conviction

relief. (Doc. 20, PageID# 993). The Magistrate Judge recommended dismissing this ground.

Petitioner asserts one objection on this ground, arguing that "[t]he Magistrate Judge incorrectly discounted the affidavits Thoma presented under the *Strickland v. Washington* ineffective assistance of counsel standard." (Doc. 28 at 1); *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner specifically contends that, "[i]n resolving this issue, the Magistrate Judge implied that only a prior inconsistent statement from the victim would satisfy this standard." (Doc. 28 at 2). In fact, the Magistrate Judge does not imply this. Yes, the Magistrate Judge <u>does</u> point out that the affidavits do not raise the issue of a prior inconsistent statement. (Doc. 27 at 7). Additionally, though, the Magistrate Judge also states that the potential witnesses' affidavits do not provide relevant first-hand accounts. (*Id.*). The Merit Report further explains why these affidavits lack probative value. (Doc. 20 at 10).

The Magistrate Judge nowhere implies that a petitioner <u>must</u> demonstrate counsel's failure to present evidence of a prior inconsistent statement to meet the *Strickland* standard. Rather, the Magistrate Judge was simply explaining the shortcomings of the Petitioner's arguments about the affidavits at-issue. The Court, furthermore, agrees with the Magistrate Judge's ultimate conclusion that "Petitioner has simply not demonstrated that the Twelfth District [of Ohio's] application of *Strickland* was unreasonable." (Doc. 27 at 8).

Petitioner's first objection is overruled.

5

### B.     Ground 2

In his second ground for relief, Petitioner contends that his trial counsel provided ineffective assistance in violation of the Sixth Amendment during the plea-bargaining stage because trial counsel failed to engage in meaningful plea negotiations and failed to heed Petitioner's request to submit to a polygraph examination, the results of which would purportedly help obtain a plea bargain.

Petitioner's second objection specifically contends that "the Magistrate Judge failed to consider the wealth of Supreme Court case law around the importance of plea negotiations and defense counsel's role in negotiating a plea." (Doc. 28 at 2).  This statement is simply not true.  (*See* Merit Report, Doc. 20 at 14–15; Doc. 27 at 8–10). Petitioner's second objection is overruled.

### C.     Ground 3

In his third ground for relief, Petitioner states that his sentence violates the Eighth Amendment because it is disproportional.  The Magistrate Judge recommended dismissing this ground because it was both procedurally defaulted and failed on the merits.  Petitioner asserts two objections.

Petitioner's first contends that "[t]he Magistrate Judge improperly determined that Thoma's Eighth Amendment proportionality claim was procedurally defaulted because he failed to exhaust a federalized claim in state court." (Doc. 28 at 2).  Petitioner admits that he did not present this federal claim in the state court.  However, he contends that a habeas claim is not procedurally defaulted when the "nuts and bolts" of the claim are presented to the state court.  (*Id.*).

6

This is not well-taken. The Magistrate Judge, when issuing the Merit Report, provided a thorough and well-reasoned analysis when determining that Petitioner had not fairly presented this claim to the Ohio courts. (Doc. 20 at 16–19). Petitioner's objection does nothing to demonstrate this was in error. (Doc. 28 at 2).

Petitioner next contends that "[t]he Magistrate Judge erroneously rejected Thoma's proportionality claim without considering the wealth of evidence he presented in state court to demonstrate that his sentence is disproportionate to those imposed against similar crimes by similarly-situated defendants." (Doc. 28 at 3). Petitioner suggests that the Magistrate Judge should have conducted a review of the "hundreds of gross sexual imposition and sexual battery cases" Petitioner cited to determine that his sentence is not proportional. In support of this objection, Petitioner claims that "the Supreme Court analyzes proportionality claims by referencing similar offenders and similar offenses." (*Id*. at 3 (citing *Solem v. Helm*, 463 U.S. 277, 292 (1983)).

This is not an accurate reading of *Solem*. The Court stated in *Solem*:

> a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Solem*, 463 U.S. 292. Under a *Solem* analysis, considering other sentences imposed on other criminals may be a helpful factor for an Eighth Amendment proportionality analysis. It is not a requirement.

Moreover, as cited by the Magistrate Judge, the Supreme Court has further stated:

7

> The controlling opinion in *Harmelin* explained its approach for determining whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime. A court must begin by comparing the gravity of the offense and the severity of the sentence. "[I]n the rare case in which [this] threshold comparison…leads to an inference of gross disproportionality" the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. If this comparative analysis "validate[s] an initial judgment that [the] sentence is grossly disproportionate," the sentence is cruel and unusual.

*Graham v. Fla.*, 560 U.S. 48, 60, 130 S. Ct. 2011, 2022, 176 L. Ed. 2d 825 (2010), *as modified* (July 6, 2010) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (opinion of KENNEDY, J.)) (alterations in original). Under this analysis, a court makes an initial, threshold comparison of the sentence and the offense. And, unless that threshold comparison is a rare case reflecting gross disproportionality, the court's analysis stops there.

Here, assuming that this claim was not procedurally defaulted, the Court finds no reason to infer gross disproportionality. Thus, the analysis could very well end here.

But <u>even if</u> Petitioner's case was a rare case that the threshold comparison—sentence versus particular crime—led to an inference of gross disproportionality, and the Court were required to consider the similar cases, such as the over 250 cited by Petitioner in his sentencing memorandum before the state court, those cases do not tend to support that Petitioner's sentence is "grossly disproportionate." Petitioner's trial counsel, via verified pleading, provided a chart of the approximately 250 cases in Ohio, which details, per offender: (1) the number of rape counts, sexual battery counts, and/or gross sexual

8

imposition counts; (2) any additional counts at issue; (3) a concurrent or a consecutive sentence, if known; and (4) the number of years. (Doc. 17-2 at PageID# 969–75). These cases do not suggest that Petitioner's sentence was "grossly disproportionate" to other cases, considering the facts of this cases, as discussed by the state court, and his eight counts of sexual battery and seven counts of gross sexual imposition.

Accordingly, Petitioner's third and fourth objections, which attack the Magistrate Judge's findings on Ground 3, are not well-taken and are overruled.

### D. Ground 4

In his fourth and final ground for relief, Petitioner argues that his conviction was supported by insufficient evidence.

Petitioner's fifth objection states that: "[t]he Magistrate Judge erred in denying Thoma's insufficient evidence claim." (Doc. 28 at 3). Petitioner suggests that the Magistrate Judge ignored the "significant evidence" presented by Thoma in the state court that undermines his conviction. (*Id.*). This is not well-taken.

First, Petitioner did not submit *any* objections to this claim in response to the Merit Report. "A plaintiff waives his right to appeal a district court's judgment by failing to file objections to findings in the magistrate judge's report and recommendation after being fairly advised to do so." *Berry v. Warden, S. Ohio Corr. Facility*, 872 F.3d 329, 335 (6th Cir. 2017) (citing *Thomas v. Arn*, 474 U.S. 140, 155435 (1985)).

Second, when objecting to the Supplemental Report, Petitioner does little more than argue that the Magistrate Judge erred when denying his insufficient evidence claims. (Doc. 28 at 4). He provides no argument, no analysis, no case law, and no citations to the

9

state court record to support his contention that the Magistrate Judge erred. (*Id.*) "A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context," for *de novo* review under 28 U.S.C. § 636(b)(1). *Id.*

Accordingly, Petitioner's fifth "objection" is overruled.

### E. Certification of Appealability

Petitioner's sixth and final objection contends that: "[t]he Magistrate Judge erred in denying Thoma a certificate of appealability." (Doc. 28 at 4). "Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Stated in other words, "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Id.* at 338 (quoting *Slack*, 529 U.S. at 484).

Petitioner makes no such demonstration, instead arguing that he should be granted a certificate of appealability because the certificate of appealability standard is "lax" and

because Petitioner is serving a three-decade sentence in prison. (Doc. 28 at 4). This objection is not well-taken. Reasonable jurists would not debate whether the petition should be resolved in a different manner. Petitioner's sixth and final objection is overruled.

### III. Conclusion

Accordingly:

1. The Report and Recommendations (Doc. 27) is **ADOPTED**;

2. Petitioner's motion to amend, construed as timely objections (Doc. 23), is **DENIED**;

3. Petitioner's objections (Doc. 28) to the Supplemental Report are **OVERRULED**;

4. The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED with prejudice**;

5. Because reasonable jurists would not debate the Court's conclusions, the Court **DENIES** issuance of a certificate of appealability;

6. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal of this Order would not be taken in good faith and therefore Petitioner is denied leave to appeal *in forma pauperis*; and

7. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** upon the docket of this Court.

**IT IS SO ORDERED.**

Date: 9/21/2021

*s/Timothy S. Black*
Timothy S. Black
United States District Judge